UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

   ERIK D. SAARI,                                    Case No. 12-23359-dob
                                                    Chapter 7 Proceeding
            Debtor.                                 Hon. Daniel S. Opperman
_____/
SMITH AND POPIELARZ,

    Plaintiff,

v.                                                                     Adversary Proceeding
                                                                     Case No. 13-2027-dob

ERIK D. SAARI,

    Defendant.
_____/

Opinion Denying Motions of Summary Judgment

Introduction

The Defendant, Erik Saari, was ordered to pay $3,000.00 to Randall P. Smith, the attorney for Sandra G. Saari. This obligation arose from a Judgment of Divorce dated June 24, 2011. This matter is before this Court because Mr. Smith's law firm, Smith and Popielarz, is still owed $1,900.00 by Mr. Saari and it requests that this Court determine that amount be excepted from discharge.

Procedural History

Mr. Saari filed a Chapter 7 bankruptcy petition with this Court on November 26, 2012, and the Plaintiff, Smith and Popielarz, filed an adversary proceeding on June 10, 2013, alleging that the $1,900.00 owed to it is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Defendant timely answered the Complaint. The Plaintiff filed its Motion for Summary Judgment on August

1

29, 2013, with the Defendant filing his Motion for Summary Judgment the next day, August 30, 2013. Each party has responded to the Motions for Summary Judgment and this Court heard oral argument on September 26, 2013. On that date, the Court requested a complete copy of the Judgment of Divorce, which was supplied by the Plaintiff. The Court then took this matter under advisement.

Findings of Fact

The Defendant and Sandra Saari were married, but divorced by way of a Judgment of Divorce dated June 24, 2011. The Judgment of Divorce contains a number of applicable paragraphs:

SPOUSAL SUPPORT

IT IS FURTHER ORDERED AND ADJUDGED that effective July 1, 2011, the Plaintiff shall pay the Defendant the sum of $600.00 a month in spousal support for a period of 4 years or 48 months. That said spousal support award is non-modifiable and deductible for the Plaintiff and taxable to the Defendant. Said spousal support shall only terminate upon the death of either party. After a period of 4 years or 48 months has run, the Plaintiff's spousal support obligation shall be reduced to $400.00 a month for a period of 2 years or 24 months. That said spousal support award is non-modifiable and deductible for the Plaintiff and taxable to the Defendant. Said spousal support shall only terminate upon the death of either party. That after the two years has run, then Plaintiff's spousal support obligation shall terminate, and the issue of spousal support is forever barred. Plaintiff's obligation to pay spousal support shall only last for a period of 6 years and/or 72 months from July 1, 2011.

. . .

MUTUAL BANKRUPTCY CLAUSE

IT IS FURTHER ORDERED AND ADJUDGED that should either party herein file bankruptcy after the entry of this Judgment of Divorce, which results in the other party suffering a financial detriment pursuant to the terms of the Judgment of Divorce, then and in that event, the party suffering the financial detriment shall have the right to petition this Court and the court shall order alimony to the aggrieved party to reimburse him or her for all financial loss suffered by the aggrieved party due to the failure of payment by the bankrupt party.

## INDEPENDENT ADVICE OF COUNSEL

The parties respectfully acknowledge that each has had independent legal advice by counsel of his or her own selection and each fully understands the facts and has been informed of his or her own legal rights and obligation; that having such advice and with such knowledge, each has signed this Judgment freely and voluntarily.

The Defendant acknowledges that he could seek legal representation but chooses not to and freely and voluntarily consents to the provisions contained herein.

. . .

## DEBTS AND OBLIGATIONS

IT IS FURTHER ORDERED AND ADJUDGED that unless provided for otherwise in this Judgment each of the parties shall take all necessary steps to assume as his or her sole and exclusive obligation all debts contracted for and assumed by each, and each of them shall pay same as they become due, and hold the other party free and harmless from payment thereof, except as otherwise provided herein.

. . .

## ATTORNEY FEES

IT IS ORDERED that the Plaintiff, ERIK D. SAARI, shall pay the sum of $3,000.00 to RANDALL P. SMITH, attorney for Defendant, 803 Court Street Saginaw, Michigan 48602, towards Defendant's attorney fee. The Plaintiff shall pay said attorney fee at the rate of $100.00 a month until said obligation is paid in full.

. . .

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter to enforce the terms and conditions of this Judgment of Divorce.

. . .

## TERMINATION OF ATTORNEY'S OBLIGATION

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that the obligations of the Plaintiff's attorney, COLIN M. DILL, to the Plaintiff, ERIK D. SAARI, and the obligations of Defendant's attorney, RANDALL P. SMITH, to the

3

13-02027-dob    Doc 18    Filed 11/01/13    Entered 11/01/13 13:03:06    Page 3 of 9

Defendant, SANDRA J. SAARI, shall terminate upon the filing of this Judgment of Divorce and said attorneys are released as attorneys of record in post-judgment proceedings unless specifically hereinafter retained by the respective clients for such post-judgment action.

It is undisputed that the Defendant paid 11 payments of $100.00 each, reducing the amount owed to the Plaintiff to $1,900.00. It is also alleged that Ms. Saari paid $60.00 to the Plaintiff. There are no allegations or facts before the Court as to the ability of Ms. Saari to pay the attorney fee to the Plaintiff other than statements of counsel that Mr. Saari is gainfully employed and is more able to pay the remaining fee to the Plaintiff than Ms. Saari.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

All issues before the Court arise out of Title 11 of the United States Code and are therefore within this Court's jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Applicable Law

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party

4

13-02027-dob    Doc 18    Filed 11/01/13    Entered 11/01/13 13:03:06    Page 4 of 9

bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

<u>11 U.S.C. §§ 523(a)(5) and 101(14A)</u>

11 U.S.C. § 523(a)(5) excepts from discharge any debt "for a domestic support obligation." The term "domestic support obligation" is defined in the Bankruptcy Code at Section 101(14A):

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
> > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> > (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> > (i) a separation agreement, divorce decree, or property settlement agreement;
> > (ii) an order of a court of record; or
> > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Generally, in determining whether a debt falls within one of the exceptions of section 523, the statute is construed narrowly against the creditor and liberally in favor of the debtor. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000). An exception to this general rule of construction existed for the term "support" contained in pre-BAPCPA section 523(a)(5). *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881 (10th Cir. 1993) ("[T]he term 'support' as used in § 523(a)(5) is entitled to a broad application."). "'The terms "alimony" and "support" are given a broad construction to promote the Congressional policy that favors enforcement of obligations for spousal and child support.' 'Congressional policy concerning § 523(a)(5) has always been to ensure that genuine support obligations would not be dischargeable.'" *Goans v. Goans (In re Goans)*, 271 B.R. 528, 531-532 (Bankr. E.D. Mich. 2001). The rationale favoring a liberal construction for the term "support" in the former § 523(a)(5) seems equally applicable to its BAPCPA replacement contained in § 101(14A).

Recently, the Sixth Circuit Court of Appeals has addressed a similar issue in the case of *In re Rugiero*, 502 Fed.Appx. 436 (6th Cir. 2012). In *Rugiero*, Patrick Rugiero and Antonietta DiNardo were in a custody dispute and a Michigan state court awarded Ms. DiNardo $100,000.00 in attorney fees. Mr. Rugiero filed for bankruptcy protection before the state court issued an order regarding a requested stay. The Sixth Circuit Court of Appeals framed the question as: "The question is whether the fee awards, which arose from the attorney's fees incurred by DiNardo during the custody dispute, amount to "support" of the child's parent." *Id.* at 438-39.

In its analysis, the Sixth Circuit Court of Appeals stated:

> Nothing in the statute precludes an attorney's fee award from being treated as "in the nature of ... support." Were it otherwise, a litigious boyfriend, to use one example that comes to mind, could make life miserable for his girlfriend by waging a costly custody dispute over their children, one that the girlfriend might not be able to fend off based on her earnings (and other child-support payments) alone. That is why many courts have treated fee awards as "support" payments; it is the only way to allow some parents to vindicate their rights in court.
>
> . . .
>
> To our knowledge, no court has held that a fee award in this setting categorically *may not* be a support payment.
>
> . . .
>
> In gauging whether *these* fee awards count as support payments, we look at "traditional state law indicia" of support obligations. *Sorah v. Sorah*, 163 F.3d 397, 401 (6th Cir. 1998). Such as: "(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits." *Id.* at 439 (citations omitted).

The Sixth Circuit Court of Appeals then continued to review the analysis of the Michigan state court judge regarding the relative capacities of the parties to pay the fees and concluded that the attorney fees were indeed support as defined by 11 U.S.C. § 523(a)(5). The *Rugiero* court also continued its analysis to note that certain fees were not domestic support obligations because of the failure of the state court to tie the award to the creditor/spouse's financial needs.

In this case, the record before the Court is not sufficient for the Court to make a determination one way or another, especially as a matter of summary judgment. For example, the record is not complete as to the financial situation of either Ms. Saari or the Defendant. Second, while this Court could read the Judgment of Divorce to link the "DEBTS AND OBLIGATIONS" paragraph to mean that Ms. Saari is responsible for the Plaintiff's fees and that the payment of the

7

remaining $1,900.00 would work a financial hardship upon her such that those monies would be taken from her for her support or that of her children and thus constitute the basis for an order of additional alimony or support per the "MUTUAL BANKRUPTCY CLAUSE" paragraph, the Court could just as easily fashion an argument and analysis that the Defendant merely agreed to pay the Plaintiff $3,000.00 and that this obligation is no different than the agreement by the Defendant to pay any other creditor prior to his Chapter 7 petition. Coupled with this argument is the Defendant's point that the Judgment of Divorce calls for a direct payment by the Defendant to the Plaintiff and, by implication, the "SPOUSAL SUPPORT" provisions set forth the only support Mr. Saari owes is to his ex-wife. Moreover, this Court notes that the Judgment of Divorce, at least in two places, directs that the Saginaw County Circuit Court either retain jurisdiction to enforce the terms and conditions of the Judgment of Divorce or retain the ability to award additional alimony under the "MUTUAL BANKRUPTCY CLAUSE".

The Court has also considered MCR 3.206(C), which states that a court may order a party to pay all or part of the other parties' attorney fees and expenses where the other party has alleged facts sufficient to show that the other party is unable to bear the expense of the action and that the other party is able to pay. In some instances, this may be the tie breaker for the Court to consider, but the record before this Court in this case is incomplete as to whether the Saginaw County Circuit Court considered this court rule.

For these reasons, the Court denies both Motions for Summary Judgment and directs the parties to consider methods to present proofs to the Court consistent with the direction given by the Sixth Circuit Court of Appeals in *Rugiero*.

**Signed on November 01, 2013**
                                                         **/s/ Daniel S. Opperman**

Daniel S. Opperman
United States Bankruptcy Judge