UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    ERIK D. SAARI,                                      Case No. 12-23359-dob
                                                                      Chapter 7 Proceeding
              Debtor.                                 Hon. Daniel S. Opperman
_____/
SMITH AND POPIELARZ,

    Plaintiff,

v.                                                                     Adversary Proceeding
                                                                     Case No. 13-2027-dob
ERIK D. SAARI,

    Defendant.
_____/

<u>TRIAL OPINION</u>

        The Court held a trial in this adversary proceeding on February 7, 2014, to determine whether attorney fees awarded to the Plaintiff in a state court Judgment of Divorce constitute a debt excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). This Court narrowed the issues at trial in an Opinion dated November 1, 2013, which denied the Motions for Summary Judgment filed by both the Plaintiff and the Defendant and directed the parties to present proofs to the Court consistent with the direction given by the Sixth Circuit Court of Appeals in *In re Rugiero*, 502 Fed. Appx. 436 (6th Cir. 2012). On February 7, 2014, the Court admitted Exhibits 1-5 and Exhibit A and heard testimony of Erik Saari, Sandra Saari, and Randall Smith. After reviewing the Exhibits and hearing the testimony, the Court finds that (1) the award of $3,000.00 of attorney fees in favor of the Plaintiff and against the Defendant constitutes support as defined by 11 U.S.C. § 523(a)(5), (2) the Defendant has paid $2,420.00 of that amount, and (3) $580.00 remains owed by the Defendant to

1

the Plaintiff and that amount is therefore excepted from discharge.

Findings of Fact

Erik Saari and Sandra Saari were married on August 4, 1990, and separated on September 13, 2010. During this marriage, the Defendant and Ms. Saari had three children, two of which were minors when they separated and subsequently divorced. Before they were married, the Defendant was in the course of going to college and Ms. Saari began her studies, but only completed one year of post-high school courses. Subsequently, the Defendant graduated and was employed as an engineer. He remains employed as an engineer at Nexteer, where he earned approximately $66,000.00 when he and Ms. Saari separated and has since received modest pay raises. During the marriage, Ms. Saari worked several jobs, but was unable to maintain steady employment because of family obligations. At the time of their separation, Ms. Saari had recently obtained a position at Halloween USA earning significantly less than the Defendant. Currently, Ms. Saari is employed at a foster home for mentally challenged adults earning approximately $8.40 per hour on a part-time basis with net income of approximately $200.00 per week.

The Defendant filed a divorce action and retained Colin Dill. Ms. Saari retained the Plaintiff and signed a retainer fee agreement on September 16, 2010, which was admitted as Exhibit 1. At that time, Ms. Saari paid $60.00 to the Plaintiff.

As part of the divorce proceeding, a Conciliation Order dated November 10, 2010, was entered with the Saginaw County Circuit Court. The Conciliation Order states in pertinent part:

5.  Erik is employed at Nexteer where he makes $66,000.00 per year. He provides the health insurance at a cost of $79.00 per month.

6.  Sandra was last employed at Halloween USA. She receives food assistance in the amount of $526.00 per month.

2

13-02027-dob    Doc 30    Filed 03/19/14    Entered 03/19/14 15:12:48    Page 2 of 11

. . .

ATTORNEY FEES:

Erick [sic] shall pay $1,000.00 towards Sandra's attorney fees, payable directly to Randall Smith, $500.00 by November 22, 2010 and $100.00 payments thereafter.

Exhibit 4.

Attached to the Conciliation Order is a print out showing the income for both the Defendant and Ms. Saari. The attachment to the Conciliation Order computes Ms. Saari's yearly income based on a minimum wage of $7.40 per hour for 35 hours per week and 52 work weeks per year because of the assumption that Ms. Saari would be able to obtain such employment. However, as subsequently developed, Ms. Saari has at best obtained part-time employment and, given her educational background, it is unlikely that she will obtain any full-time employment beyond a minimum wage job.

Mr. Smith testified that the divorce was contested on many of the typical issues involving custody, spousal support, and property division. As he testified on February 7, 2014, the Judgment of Divorce that was signed by the Saginaw County Circuit Court was the result of intense negotiation by him with Mr. Dill. Pertinent portions of the June 24, 2011, Judgment of Divorce are as follows:

SPOUSAL SUPPORT

    IT IS FURTHER ORDERED AND ADJUDGED that effective July 1, 2011, the Plaintiff shall pay the Defendant the sum of $600.00 a month in spousal support for a period of 4 years or 48 months. That said spousal support award is non-modifiable and deductible for the Plaintiff and taxable to the Defendant. Said spousal support shall only terminate upon the death of either party. After a period of 4 years or 48 months has run, the Plaintiff's spousal support obligation shall be reduced to $400.00 a month for a period of 2 years or 24 months. That said spousal support award is non-modifiable and deductible for the Plaintiff and taxable to the Defendant. Said spousal support shall only terminate upon the death of either party.

That after the two years has run, then Plaintiff's spousal support obligation shall terminate, and the issue of spousal support is forever barred. Plaintiff's obligation to pay spousal support shall only last for a period of 6 years and/or 72 months from July 1, 2011.

. . .

## MUTUAL BANKRUPTCY CLAUSE

IT IS FURTHER ORDERED AND ADJUDGED that should either party herein file bankruptcy after the entry of this Judgment of Divorce, which results in the other party suffering a financial detriment pursuant to the terms of the Judgment of Divorce, then and in that event, the party suffering the financial detriment shall have the right to petition this Court and the court shall order alimony to the aggrieved party to reimburse him or her for all financial loss suffered by the aggrieved party due to the failure of payment by the bankrupt party.

## INDEPENDENT ADVICE OF COUNSEL

The parties respectfully acknowledge that each has had independent legal advice by counsel of his or her own selection and each fully understands the facts and has been informed of his or her own legal rights and obligation; that having such advice and with such knowledge, each has signed this Judgment freely and voluntarily.

The Defendant acknowledges that he could seek legal representation but chooses not to and freely and voluntarily consents to the provisions contained herein.

. . .

## DEBTS AND OBLIGATIONS

IT IS FURTHER ORDERED AND ADJUDGED that unless provided for otherwise in this Judgment each of the parties shall take all necessary steps to assume as his or her sole and exclusive obligation all debts contracted for and assumed by each, and each of them shall pay same as they become due, and hold the other party free and harmless from payment thereof, except as otherwise provided herein.

. . .

## ATTORNEY FEES

IT IS ORDERED that the Plaintiff, ERIK D. SAARI, shall pay the sum of $3,000.00 to RANDALL P. SMITH, attorney for Defendant, 803 Court Street Saginaw, Michigan 48602, towards Defendant's attorney fee. The Plaintiff shall pay said attorney fee at the rate of $100.00 a month until said obligation is paid in full.

. . .

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter to enforce the terms and conditions of this Judgment of Divorce.

. . .

## TERMINATION OF ATTORNEY'S OBLIGATION

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that the obligations of the Plaintiff's attorney, COLIN M. DILL, to the Plaintiff, ERIK D. SAARI, and the obligations of Defendant's attorney, RANDALL P. SMITH, to the Defendant, SANDRA J. SAARI, shall terminate upon the filing of this Judgment of Divorce and said attorneys are released as attorneys of record in post-judgment proceedings unless specifically hereinafter retained by the respective clients for such post-judgment action.

Exhibit 5.

After the November 10, 2010, Conciliation Order, the Defendant began making installment payments to Mr. Smith as set forth in that Order. Moreover, the Defendant made additional payments to the Plaintiff after he paid the $1,000.00 required by the Conciliation Order. In addition, the Defendant made payments of $100.00 per month to the Plaintiff such that $2,420.00 was ultimately paid by him to the Plaintiff. The Court finds and concludes that the Defendant paid $2,420.00 to the Plaintiff based on Exhibit 2, as well as the testimony of Mr. Smith.

The total amount of the attorney fees incurred by Ms. Saari was $7,020.00 with expenses of

$280.76. After credit for the $60.00 paid by Ms. Saari and $2,420.00 paid by Mr. Saari, the Plaintiff is owed $4,820.76.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

All issues before the Court arise out of Title 11 of the United States Code and are therefore within this Court's jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Applicable Statute

### 11 U.S.C. §§ 523(a)(5) and 101(14A)

11 U.S.C. § 523(a)(5) excepts from discharge any debt "for a domestic support obligation." The term "domestic support obligation" is defined in the Bankruptcy Code at Section 101(14A):

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
> > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> > (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the

order for relief in a case under this title, by reason of applicable provisions of—
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Analysis

Generally, in determining whether a debt falls within one of the exceptions of Section 523, the statute is construed narrowly against the creditor and liberally in favor of the debtor. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000). An exception to this general rule of construction existed for the term "support" contained in pre-BAPCPA section 523(a)(5). *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881 (10th Cir. 1993) ("[T]he term 'support' as used in § 523(a)(5) is entitled to a broad application."). "'The terms "alimony" and "support" are given a broad construction to promote the Congressional policy that favors enforcement of obligations for spousal and child support.' 'Congressional policy concerning § 523(a)(5) has always been to ensure that genuine support obligations would not be dischargeable.'" *Goans v. Goans (In re Goans)*, 271 B.R. 528, 531-532 (Bankr. E.D. Mich. 2001). The rationale favoring a liberal construction for the term "support" in the former § 523(a)(5) seems equally applicable to its BAPCPA replacement contained in § 101(14A).

As stated in the November 1, 2013, Opinion, this Court views the issue in this case as whether the amount in question should be considered support for the reasons stated in *Rugiero*, 502 Fed. Appx. 436 (6th Cir. 2012). The parties in *Rugiero* were involved in a custody dispute and the

7

Michigan state court awarded one party, Antonietta DiNardo, $100,000.00 in attorney fees. Subsequently, Mr. Rugiero filed a petition seeking relief from the bankruptcy court. The bankruptcy court then needed to determine whether the attorney fees incurred by Ms. DiNardo amounted to support. *Id.* at 439 (citations omitted).

Applying the *Rugiero* standards, the Court finds that there was a sufficient legal contest in the Saginaw County Circuit Court regarding custody, support, and property division to warrant the Circuit Court determining that some of the attorney fees incurred by the Plaintiff should be paid by the Defendant.

As testified by Mr. Smith, the total amount of attorney fees owed to the Plaintiff was $7,020.00 with expenses of $280.76. With the facts in this case, given the approximate $66,000.00 annual earnings of the Defendant and the imputed, but not real, yearly income of Ms. Saari of $13,467.00, the finding that the payment of some of the attorney fees owed by Ms. Saari to the Plaintiff was appropriate. Likewise, it was appropriate for the Saginaw County Circuit Court to determine that those fees were really in the form of spousal support as it is clear with the record in the Saginaw County Circuit Court, as well as with this Court, that Ms. Saari would have no ability to repay the Plaintiff from her earnings.

The Defendant argued at the February 7, 2014, trial that the Plaintiff also failed to take appropriate action to either collect the remaining amounts owed to it from Ms. Saari or to attach the portion of the Defendant's pension that was ultimately cashed by Ms. Saari through the divorce proceedings. First, the evidence before the Court is that the Plaintiff would be unsuccessful up to the end of 2013 to collect any monies from Ms. Saari because her income only derived from food stamps, assistance, spousal support, and child support. While the Plaintiff may well take action

against Ms. Saari in the near future because she now has a somewhat steady source of income, the modest amounts that she currently earns would be insufficient to pay the Plaintiff in full in the foreseeable future.

Second, the pension amount that Ms. Saari received and the timing of when she received that amount was not completely known to the Plaintiff and, from the testimony of Ms. Saari and Mr. Smith, it would be insufficient to pay the Plaintiff given the other expenses incurred by Ms. Saari for her support and the support of her children. With this record, this Court will not second guess the Plaintiff's approach to collecting the amount owed to it and, given that the Defendant's liability is limited to $3,000.00 per court order, the Court views the Defendant's argument that the Plaintiff could have received money from Ms. Saari as unfounded and unwarranted.

Likewise, the Court rejects the Plaintiff's argument that the Conciliation Order awarded $1,000.00 to the Plaintiff and the Judgment of Divorce awarded an additional $3,000.00. First, the Conciliation Order directed that the Defendant shall pay $1,000.00 towards Ms. Saari's attorney fees. The Judgment of Divorce stated that the Defendant shall pay the sum of $3,000.00 to Mr. Smith. The Judgment of Divorce does not state that the Defendant shall pay an additional $3,000.00 nor does the Judgment of Divorce address the previous payments made by the Defendant to the Plaintiff because of the Conciliation Order. In analyzing this language, an additional factor that cannot be overlooked is that the Defendant had paid more than the $1,000.00 the Conciliation Order ordered him to pay to the Plaintiff because he continued to make $100.00 per month payments after the $1,000.00 payment was made to the Plaintiff. To accept the Plaintiff's argument that the Conciliation Order was a separate and distinct amount awarded begs question as to what the Court should do about the amounts already paid by the Defendant over and above the $1,000.00. While

9

further direction in the Judgment of Divorce would be helpful, this Court is left with the choice of (1) ignoring the additional payments made by the Defendant over and above the $1,000.00 and then finding that the Defendant still owes $3,000.00, or (2) finding that the $3,000.00 in the Judgment of Divorce was the full amount awarded and that the Defendant had just prepaid more of that amount than one would expect. Moreover, the Court notes that there is often a delay between the time the parties agree to a judgment of divorce and the entry of that judgment of divorce. To hold that payments made during this interim period do not count would encourage parties to drag matters out and then proclaim that additional monies are owed just because of the passage of time with no credit for that amount.

Here, the more straightforward approach is to conclude that the Defendant had pre-paid the $3,000.00 full amount by $1,000.00 as required by the Conciliation Order and that any additional payments were made towards that $3,000.00 full amount.

Of course, in future cases, the parties are free to be more specific as to the effect of the Conciliation Order and the final attorney fees. Here, the Court would also note that a reference to MCR 3.206(C) would likewise be extremely helpful for the Court to consider on a much more expedited and straightforward basis that a state court has reviewed the matter and concluded that the attorney fees should be paid by another party, consistent with *Rugiero*.

For these reasons, the Court finds and concludes that the Judgment of Divorce established an obligation of $3,000.00 in the form of support owed by the Defendant to the Plaintiff that supports Ms. Saari for the reason that she was unable to pay her attorney. The Court further finds that the Defendant has paid $2,420.00 of this amount and that the remainder, $580.00, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

Counsel for the Plaintiff is directed to prepare an order consistent with this Opinion.

**Signed on March 19, 2014**

                                                                                      /s/ Daniel S. Opperman  
                                                                                       Daniel S. Opperman  
                                                                                       United States Bankruptcy Judge